

IN THE
TENTH COURT OF APPEALS

No. 10-09-00056-CR

DEMETRIUS RASHAD GREER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2008-2073-C1

## MEMORANDUM  OPINION

Demetrius Rashad Greer was convicted by a jury of the offense of Possession of a Controlled Substance with Intent to Deliver – Penalty Group I. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003). Based on the jury's verdict in the punishment phase, the trial court sentenced Greer to imprisonment for twenty-two (22) years in the Texas Department of Criminal Justice – Institutional Division. Because we find that the evidence is legally and factually sufficient to sustain Greer's conviction, we affirm the judgment.

*Legal and Factual Sufficiency*

Greer contends that the evidence was both legally and factually insufficient to support the verdict of the jury. In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

Under a legal sufficiency review, we consider all of the evidence admitted, both properly and improperly admitted, as well as direct and circumstantial evidence. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). The jury, as sole judge of the witnesses' credibility and the weight to be given their testimony, is free to accept or reject any or all of the evidence presented by either side. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). As we must, we give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (*citing Jackson v. Virginia*, 443 U.S. at 318-19). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

In a factual-sufficiency review, there is only one question to be answered: "Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Grotti v. State*, 273 S.W.3d 273, 283 (Tex.

Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). Evidence can be factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007) (*citing Watson*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Castillo v. State*, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007). "[A]n appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of the . . . evidence contradicts the jury's verdict before it is justified in exercising its appellate fact jurisdiction to order a new trial." *Watson*, 204 S.W.3d at 417. A reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction." *Roberts*, 220 S.W.3d at 524.

Although we have the ability to second-guess the jury to a limited degree, our factual-sufficiency review should still be deferential, with a high level of skepticism about the jury's verdict required before we can reverse a conviction. *Grotti v. State*, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 417. We cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. *Watson*, 204 S.W.3d at 714. Nor can we declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. *Id*. The

verdict may be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Grotti*, 273 S.W.3d at 280.

Four officers experienced in the investigation of drug crimes were patrolling an area of Waco known for drug crimes. At approximately midnight, these officers spotted Greer wave at a car, walk up to it, and talk into the window. A woman on a bicycle also approached the vehicle. They spotted the police and immediately dispersed. Greer walked toward the officers, swinging one arm in an exaggerated motion and keeping his other arm still, holding onto a pair of pants. No officer saw Greer drop anything during his approach, however, a baggie containing 45 rocks of crack cocaine, weighing 13.60 grams, was located in the grass near where Greer was walking very shortly thereafter. The approximate value of the crack cocaine was $1,400 and the amount of the cocaine was not generally an amount a user would have but an amount a seller would have in their possession. Users generally have one-half to one rock of crack cocaine at a time. The officers did not believe that the baggie was on the ground prior to Greer's approach. The bag was dry, which was indicative that the baggie had not been there long. When requested to identify himself, Greer was deliberately dishonest about the spelling of his name because he knew he had a warrant pursuant to a bond forfeiture for possession of a controlled substance with intent to deliver cocaine.

The woman on the bicycle was a known crack cocaine addict and had been using cocaine on the day in question. During her testimony she admitted that she had been

convicted for possession of drugs, a felony. She stated that she had exchanged the pants for crack with Greer about an hour earlier.

Greer testified that he was enroute to his grandmother's house nearby and that the $166.00 he had in his possession was birthday money. The money was mostly in five and ten dollar bills. He had purchased the pants earlier that evening from a friend but couldn't identify him other than his first name. Greer denied possessing any crack cocaine and stated that he approached the vehicle to tell the girls inside that they needed to get home because they were too young to be out that late. Greer admitted to giving the officers a false name because he lies to get out of trouble. He did not have any baggies, drug paraphernalia, or a weapon in his possession when he was arrested, however, according to law enforcement, the lack of baggies or drug paraphernalia was not out of the ordinary, as crack cocaine rocks are easily distributed with no packaging.

Reviewing the evidence using the appropriate standards, giving due deference to the jury's determinations regarding the credibility of the witnesses, we find that the evidence was both legally and factually sufficient to support the judgment of conviction. The jury could have believed the officers' testimony and disbelieved Greer's testimony. We cannot say that the verdict is such that any rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt or that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule Greer's sole issue.

*Conclusion*

We find that the evidence is legally and factually sufficient to support the jury's

verdict. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed November 25, 2009
Do not publish
[CRPM]